**SO ORDERED.**

**SIGNED July 21, 2026.**



_____
**STEPHEN D. WHEELIS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**IN RE: MICHELLE N. BURNAMAN**                    **CASE NO. 22-80273**

        **Debtor**

## MEMORANDUM OPINION AND ORDER

Creditor, Homeland Federal Savings Bank, seeks relief from the automatic stay (ECF No. 31) pursuant to 11 U.S.C. 362, but fail to allege a default in payments or any other cause. At the initial hearing on the Motion, issues arising out of Federal Rule of Bankruptcy Procedure 3002.1 were raised and this Court issued an Order to Show Cause (ECF No. 35) and set same for hearing. The Order to Show Cause resulted from a failed explanation of the Bank regarding escrow payments and a Notice and Mortgage Payment Change (ECF No. 29). The Court held a hearing on the Motion for Relief from Stay on April 16, 2026, at which counsel for Homeland Bank did not appear. The Motion was amended on June 3, 2026 (ECF No. 34) but still stated no cause for relief. The Court held a second hearing on the Motion on June 4, 2026 and a third hearing on the Motion and the first hearing on the Order to Show Cause on July 16, 2026, at which appeared the Debtor, counsel for the Debtor, counsel for Homeland Federal Savings Bank, the designated representative of Homeland Federal Savings Bank, Mr. Robert Frazier, and counsel for the Chapter 13 Trustee.

## FACTUAL BACKGROUND

Debtor filed a Voluntary Petition for Relief under Chapter 13 of the United States Bankruptcy Court on June 14, 2022. Debtor's plan was confirmed on October 14, 2022 (ECF No. 25). The plan as amended provided for sixty monthly payments and provided in Part 3.1 that Homeland Bank would receive escrow payments in the amount of $127.51 per month to be disbursed by the Trustee from July 2022 through June 2027. The plan provided in Part 3.2 that Homeland Bank would be paid a total secured claim of $23,956.19 at 5.75% interest to be disbursed by the Trustee over the term of the plan. The value of the collateral was stated to be $100,000.00, indicating substantial equity in the property. (ECF No. 21).

From the date the Chapter 13 Plan was confirmed in 2022 until August 5, 2025, Homeland Bank filed no Notices of Mortgage Payment Change. Finally, the Bank filed a Notice of Mortgage Payment Change (ECF No. 29). Homeland Bank did not object to confirmation of the Chapter 13 Plan nor did it contest the placement of the mortgage escrow payment in the plan, as a separate payment by the Trustee, at the fixed amount.

During the course of the multiple hearings on the stay relief motion the Court was unable to reconcile – and more importantly - the parties were unable to reconcile or at least explain to the Court, the discrepancies and substantial increase in escrow amounts reflected on the Notice of Mortgage Payment Change (ECF No. 29) which increased from $127.51, the amount to be paid under the confirmed Chapter 13 Plan, to the new escrow payment of $584.44.

The Debtor testified that over the course of three years she had never received a Notice of Mortgage Payment Change from Homeland Bank and the record clearly reflects that the Bank never filed a Notice of Mortgage Payment Change. Debtor further testified that she made no insurance claims on the property insured and that to her knowledge the insurance premium could not have increased by $456.93 per month.

Mr. Robert Frazier, the COO and Executive Vice President of Homeland Bank testified that in fact the Bank had failed to transmit Notices of Mortgage Payment Change on this and other accounts and that the Notice of Mortgage Payment Change filed in 2025 was an attempt to recapture all past amounts and increases for which notice was not transmitted to the Debtor as required by state and federal home mortgage rules and the Federal Bankruptcy rules. He further testified that "we made some mistakes" and "some people were fired." He further testified that

they did not have proper procedures in place to address escrow and mortgage payment changes in bankruptcy cases and that the problems had now been corrected.

The testimony by Mr. Frazier further revealed that there had been no substantial increase in insurance premiums during the course of the case. The Court notes that the Notice of Mortgage Payment Change was signed under penalty of perjury by counsel for Homeland Bank. At no time during the hearings at which counsel attended did counsel explain how he came to have the information attached to the Notice of Mortgage Payment Change or whether he had discussed the accuracy or details with Homeland Bank prior to executing the notice on behalf of the Bank.

The Affidavit of Stephanie Robinson on behalf of Homeland Bank and submitted in support of the Motion for Relief from Stay fails to state that the Debtor is in default on payments but does reflect in paragraph 5 an escrow balance due in the amount of $3,781.05 (ECF No. 31-4 at pg. 1).

## JURISDICTION

By virtue of 28 U.S.C. 1334(a) and 28 U.S.C. 157 and by reference from the U.S. District Court for the Western District of Louisiana, this Court has jurisdiction over this matter. This matter is a core proceeding under 28 U.S.C. 157 and venue is proper before this Court pursuant to 28 U.S.C. 1408 and 1409.

## DISCUSSION

During the hearing, the Court thanked Mr. Frazier for his candor and open explanation that Homeland Bank was at fault. The Debtor confirmed her Chapter 13 Plan and dutifully made her Chapter 13 Plan payments to the Chapter 13 Trustee and is nearing completion of her Chapter 13 case. While unusual, she provided for payment of the escrow amount as a separate payment from the Trustee under her plan to ensure that the insurance premiums and property taxes were paid.

Bankruptcy Rule 3002.1 requires creditors to file Notices of Payment Changes, Fees, Expenses and Charges incurred by the creditor after the case was filed and to notice the debtor with same. The Rule further provides for the imposition of penalties and other appropriate relief by the Court for the failure of the creditor to provide the notice required by the rule.

The testimony and evidence are undisputed that Homeland Bank failed to provide the required Notices of Mortgage Payment Change or to provide an accurate notice. The testimony of

Mr. Frazier indicated that the substantial increase was not due to a change in escrow expenses but was an attempt by the Bank to recapture, without notice or explanation, money it failed to account for over the prior three years. Unfortunately, Homeland Bank took this action by way of misrepresentation to the Court, the Debtor and the Trustee – disguising the change as an increase in insurance premiums. Testimony showed that neither the taxes nor insurance had increased in an amount equal to the change.

Regarding the Motion for Relief from Stay, even with the amendment, no cause for stay relief was stated. There remains a substantial equity cushion in the property in favor of the bank so that the property was in no way depreciating to an extent that the bank's remaining balance on the mortgage was not secured. Further, neither counsel for the Bank nor the affidavit in support of the Motion nor Mr. Frazier offered any argument or evidence that the debtor was in default on payments. She was not in default. The underlying and unstated "cause" was that the Bank had failed to comply with Bankruptcy Rule 3002.1 and had failed to transmit Notices of Payment Change or seek to modify the Chapter 13 Plan provisions, which provided for payment of the escrow in the amount of $127.51 per month by the Trustee. Homeland Bank certainly failed to meet its burden regarding valuation under 11 U.S.C. 362(g) and the Motion certainly fails for not stating a valid cause for relief. The res judicata, confirmed plan, was never contested by the Bank. The Bank sought to avoid the binding treatment of the plan by filing an inaccurate Notice of Payment Change in an attempt to collect more money.

The filing of misleading and grossly incorrect, if not fraudulent, pleadings in an attempt to obtain relief to which Homeland Bank was not entitled and for the reasons orally stated by this Court on July 16, 2026, render Homeland Bank liable under the provisions of Bankruptcy Rule 3002.1, 11 U.S.C. 362 and 11 U.S.C. 105.

IT IS ORDERED that the Chapter 13 Trustee immediately cease any further payments or distributions to Homeland Federal Savings Bank under the terms of the confirmed plan.

IT IS FURTHER ORDERED that the Motion for Relief from Stay (ECF No. 31), as amended at ECF No. 34, be and it is hereby DENIED, with prejudice.

IT IS FURTHER ORDERED that relief be afforded the Debtor and that Homeland Bank pay sanctions to the Debtor in the amount necessary to retire the remaining indebtedness owed to the Bank, in full, in the approximate amount of $5,757.37 which amount is to be credited to the payments due on the promissory note. The promissory note shall be marked paid in full and

delivered to the debtor within ten days of the date of this Order. Further, the Multiple Indebtedness Mortgage shall be canceled on the records of the Parish of LaSalle and notice of the canceled mortgage provided by Homeland Bank to Debtor within ten days of the date of this Order.

IT IS FURTHER ORDERED that the Debtor file a modified plan in accordance with this ruling and notice for hearing on August 27, 2026.

# # #